IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Maynard Akeem Sanders,<br><br>                  Petitioner,<br><br>    v.<br><br>Brian Dobbs, Warden,<br><br>                  Respondent. | Civil Action No.: 5:20-2304-BHH<br><br>**<u>ORDER</u>** |

    Maynard Akeem Sanders ("Petitioner") filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(c) (D.S.C.), the matter was referred to a United States Magistrate Judge for initial review.

    On February 19, 2021, Magistrate Judge Kaymani D. West filed a Report and Recommendation ("Report") outlining the issues and recommending that the Court grant Respondent's motion to dismiss and dismiss the instant § 2241 petition without prejudice. Attached to the Report was a notice advising Petitioner of the right to file written objections to the Report within fourteen days of being served with a copy. On March 9, 2021, Petitioner filed a motion for an extension of time to file objections, which the Court granted, giving Petitioner an additional 30 days to file his objections. Despite the extension, no objections have been filed to date.

    The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination only of those portions of the Report to

which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the matter only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

Here, because no objections were filed, the Court has reviewed the record, the applicable law, and the findings and recommendations of the Magistrate Judge for clear error. After review, the Court finds no clear error and agrees with the Magistrate Judge that the instant § 2241 petition should be dismissed because Petitioner's claims cannot be addressed under § 2241 based on Petitioner's failure to satisfy the elements of *In re Jones*, 226 F.3d 328, 333 (4th Cir. 2000).

Accordingly, the Court adopts and incorporates the Magistrate Judge's Report (ECF No. 32), grants Respondent's motion to dismiss (ECF No. 21), and dismisses this action without prejudice.

**IT IS SO ORDERED.**

/s/Bruce H. Hendricks
United States District Judge

April 16, 2021
Charleston, South Carolina

******

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified that any right to appeal this Order is governed by

Rules 3 and 4 of the Federal Rules of Appellate Procedure.